**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CINDY M. TEGTMEYER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 16-2238-JWL** |
| **NANCY A. BERRYHILL,**[1] ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding no reversible error, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

**I.    Background**

---

[1] On Jan. 20, 2017, Nancy A. Berryhill, became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff applied for DIB, alleging disability beginning March 9, 2011. (R. 11, 151). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. She argues that the Administrative Law Judge (ALJ) erred at step two by failing to find a severe condition of the cervical spine, in failing to assess a residual functional capacity (RFC) limitation to occasional overhead reaching, and by speculating that Plaintiff was "chronically unemployed and underemployed throughout her adult life" (R. 17) as a reason to discount her allegations of disabling symptoms.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors

of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999). This case was decided at step four, and the burden did not shift.

The court addresses the alleged errors in the order they are reached in applying the sequential evaluation process, and finds that any error by the ALJ was harmless, and remand in this case would serve no useful purpose.

## II. Step Two

Plaintiff points out that Dr. Lange diagnosed Plaintiff with cervical spondylosis, and Dr. Timmerman diagnosed Plaintiff with degernerative disc disease and opined that as a result of this Plaintiff was limited to occasional overhead reaching. She notes that the ALJ accorded significant weight to Dr. Timmerman's opinion. Plaintiff argues that a limitation to occasional overhead reaching has more than a minimal affect on Plaintiff's ability to perform basic work activities, and consequently the ALJ should have found at step two that Plaintiff's neck condition was a severe impairment.

As Plaintiff argues, to show a severe impairment at step two, a claimant need only show that her impairment would have more than a minimal effect on her ability to

perform basic work activities.  Williams, 844 F.2d at 751.  And, by showing that his neck condition interferes with reaching overhead, he has done so here.  However, the decision reveals that the ALJ found that Plaintiff has a severe "disorder of the back" (R. 13), and that "disorder" includes "cervical degenerative disc disease."  To be sure, the ALJ did not state that Plaintiff's cervical degenerative disc disease is severe, but he found that Plaintiff's disorder of the back is a severe impairment.  Later, he clarified what he meant when referring to "disorder of the back."  He specifically stated that "[w]ith regard to [Plaintiff's] back, impairment, radiograph imaging revealed mild degenerative changes in the mid-dorsal thoracic spine; moderate to severe cervical degenerative disc disease, most prominent at C3-C4; and a Chiari I malformation."  (R. 17).  Based upon that explanation there can be no doubt that the ALJ considered the cervical degenerative disc disease to be a part of Plaintiff's "disorder of the back" which he found to be a severe impairment at step two.  Plaintiff has shown no step two error.

## III.     RFC Assessment

Based upon Dr. Timmerman's opinion and the fact that the ALJ accorded it significant weight, Plaintiff claims that it was error not to include a limitation to only occasional overhead reaching, or at a minimum to explain why he rejected that limitation.  Plaintiff is correct that if an ALJ's RFC assessment conflicts with a medical source opinion, the ALJ must explain why he did not adopt that opinion.  Soc. Sec. Ruling (SSR) 96-8p, West's Soc. Sec. Reporting Serv., Rulings 150 (Supp. 2016).  Plaintiff is correct both that the ALJ purported to accord significant weight to Dr. Timmerman's opinion,

5

and that he did not assess an RFC limitation to only occasional overhead reaching in the decision at issue here.

But, as the Commissioner argues, the ALJ included a limitation "to only occasional overhead reaching and handling" in the hypothetical question he posed to the vocational expert at the hearing. (R. 63). Based upon that hypothetical question, the vocational expert testified that such a hypothetical individual would be able to perform Plaintiff's past relevant work, including work as a product assembler and a deli slicer. Id. It was this testimony upon which the ALJ relied in the decision at issue and stated that he "concurs with the testimony of the impartial vocational expert and finds that the claimant is able to perform those jobs as actually and generally performed." (R. 20). That was the basis of the ALJ's step four finding that Plaintiff is able to perform her past relevant work and is therefore not disabled within the meaning of the Act. (R. 20-21).

There can be no doubt that the ALJ's decision that Plaintiff can perform her past relevant work was premised upon a limitation to only occasional overhead reaching. Therefore, although the ALJ did not include that limitation in the RFC assessed in the decision at issue, remand for him to do so would serve no useful purpose. Where there is substantial evidence to sustain the ALJ's decision despite an error, the error is harmless, and the court will not remand merely for a ministerial correction. Wilson v. Sullivan, No. 90-5061, 1991 WL 35284, *2 (10th Cir. Feb. 28, 1991).

**IV.   Credibility**

In her final claim of error, Plaintiff argues that the ALJ erred in his credibility determination by considering work history as a factor affecting credibility, and while doing so by speculating that Plaintiff was "chronically unemployed and underemployed throughout her adult life" (R. 17) as a reason to discount her allegations of disabling symptoms.  The Commissioner argues that even if it was error to consider or to speculate regarding Plaintiff work history, a credibility determination is deferential, the ALJ relied upon other factors in making his credibility determination, and where the evidence supports the determination, remand is not necessary merely for one questionable factor.

As the Commissioner argues, the court's review of an ALJ's credibility determination is deferential.  Credibility determinations are generally treated as binding on review.  Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983).  They are "peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence.  Wilson, 602 F.3d at 1144; accord Hackett, 395 F.3d at 1173.  Therefore, in reviewing the ALJ's credibility determinations, the court will usually defer to the ALJ on matters involving witness credibility.  Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994).  "However, '[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'"  Wilson, 602 F.3d at 1144 (quoting Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988)); Hackett, 395 F.3d at 1173 (same).

As the Commissioner points out, SSR 16-3p was not effective until March 28, 2016, so Plaintiff's reliance upon that Ruling to assert error in the ALJ's credibility determination in a decision issued on October 6, 2014 is misplaced.

Following the Commissioner's suggestion, the court will assume without deciding that it was error for the ALJ when making his credibility determination to rely on his finding that Plaintiff was "chronically unemployed and underemployed throughout her adult life" and as a consequence her "ongoing unemployment is likely due, at least in part, to non-medical factors, such as a lifestyle choice" as one reason to discount the credibility of Plaintiff's allegation of symptoms. (R. 17-18). However, the ALJ relied upon several other bases to find that Plaintiff's allegations are not credible. He provided an extensive list of Plaintiff's daily activities, including babysitting "her grandson from seven o'clock in the morning until four-thirty in the afternoon." (R. 14). He noted a treating source statement that Plaintiff may have been engaging in symptom magnification. (R. 17). He noted Plaintiff was released to return to full duty. Id. He noted that Plaintiff told a doctor that oral steroids had helped her pain, while on the same day she told a rehabilitation specialist that she was in "horrible pain." Id. He noted that Plaintiff's treatment was "routine and conservative in nature." Id. He noted that Plaintiff's March 2013 Adult Function Report was inconsistent with her allegations elsewhere because there, she reported only that she was having trouble reaching and using her hands, but denied any other limitations. (R. 18). Plaintiff's only complaint regarding the credibility determination was the ALJ's use of her work history, and she suggests no

error in any of these other bases used by the ALJ to discount the credibility of her allegations.

As the Commissioner suggests in her Brief, in 2004 the Tenth Circuit held that where the court has some concerns regarding the ALJ's reliance on certain facts in finding a claimant not credible, if it can conclude that the balance of the ALJ's credibility determination is supported by substantial evidence in the record, it will accept that determination. Branum v. Barnhart, 385 F.3d 1268, 1274 (10th Cir. 2004). This is just such a case.

Plaintiff has shown, at most, harmless error in the decision at issue.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated this 31st day of January 2017, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**